UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MICHAEL FLOURNOY,

        Petitioner,        Case No. 1:19-cv-12109
                                        Hon. Thomas L. Ludington
v.

J.A. TERRIS,

        Respondent.
_____/

**OPINION AND ORDER SUMMARILY DENYING PETITION
FOR WRIT OF HABEAS CORPUS**

Michael Flournoy, ("Petitioner"), a prisoner currently housed at the Federal Correctional Institution at Milan, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his pro se application, Petitioner challenges a decision from a prison disciplinary hearing conducted by the Bureau of Prisons (BOP) that he violated prison rules. Petitioner was found to have been in possession of hazardous tools (two cell phones) found hidden under a bookshelf in the library at the Federal Correctional Institution at Oxford, Wisconsin, where Petitioner was previously housed.

As a result of his misconduct, Petitioner was disallowed 41 days of good conduct time and he lost commissary, phone, and visiting privileges for 120 days. Petitioner asserts that prison staff did not reveal during the hearing that he was removed from the library where the phones were located when staff searched, that another prisoner was in the library at the relevant time, that the evidence was insufficient because he was not in actual physical possession of the phones, that he was not allowed to present unspecified evidence, and that the BOP failed to test the phones for fingerprints. For the reasons stated below, the petition for a writ of habeas corpus will be denied.

# I.

Petitioner has attached BOP records to his petition sufficient to adjudicate his claims. On October 10, 2018, Officer K. Roberson, a staff member at the Federal Correctional Institution at Oxford, filed an incident report charging Petitioner with possession of a hazardous tool. The report stated that on October 9, 2018, Roberson walked into the camp library and saw Petitioner bent over tampering with the bottom shelf of a bookcase. Roberson asked Petitioner what he was doing. According to Roberson, Petitioner replied, "My chair hit the shelf so I'm putting it back together." Incident Report at ¶ 11, ECF No. 1 at PageID.18. Roberson patted Petitioner down, but he found nothing. He then looked under the shelf that Petitioner was manipulating and found two cell phones.

Petitioner was provided a copy of the incident report. He made a written comment on the report which provides

> That's not my statement. I told Roberson I spun my chair and kicked a book. I was putting the book back. He searched my legal work and patted me down. It was count time so he told me to get out of there. After I left he told me to come back. I walked by [inmate] Berkowitz and Roberson had the phone in his hand. The shelf was not like that when I left.

*Id.* at ¶ 17, ECF No. 1 at PageID.21.

Petitioner was provided a notice of rights form on October 15, 2018, for the ensuing disciplinary hearing. Discipline Hearing Officer Report, ECF No. 1 at PageID.22. The form indicates that Petitioner requested to call inmate Berkowitz as a witness to testify that Petitioner was not in the library when Roberson found the phones.

Petitioner attached the hearing report to his petition. The hearing was held on October 25, 2018. Petitioner's unit manger appeared as a staff representative. Petitioner requested a forensic examination of the cell phones to determine whether his fingerprints were on them. He repeated

his claim that Roberson only saw him putting a book on the shelf where the cell phones were eventually found, but they were not his. He stated he left the library for a prisoner count when Roberson found the cell phones. Discipline Hearing Officer Report, ECF No. 1 at PageID.22–31.

Inmate Berkowitz testified that Petitioner was just outside the library when he went inside. He denied seeing Roberson search Petitioner. He denied seeing Roberson retrieve the cell phones from under the shelf. He testified that all the books were already off of the bottom shelf when he went inside the library, and he was asked by staff to reshelve them. Berkowitz testified that Petitioner was frequently in the library doing legal work. *Id.* at §III.C.2., PageID.23.

The hearing officer stated in his report that he considered Petitioner's statements made at the time of the incident, as indicated on the incident report, and at the hearing. He also considered the information as reported in the incident report, the photographs of the cell phones, and Berkowitz's testimony. *Id.* at §V, PageID.24–25. The officer determined that forensic examination of the cell phones was not necessary because

> [T]his is not a criminal matter and [the phones] were found in [an] area you were observed to be tampering with. This constitutes possession. While you claim the staff member had to take the shelf apart to get to the phone, this was not confirmed by your witness. Staff reported they just lifted the shelf back and by your own admission it only took him about one minute to recover the phones which means they were very accessible.

*Id.* at PageID.25.

The hearing officer further based his decision not to credit Petitioner's version because he changed his statement. The report notes, "It is clear you changed your statement after the incident report was written to make it sound like you were not messing with the shelf but rather a book." *Id.* The report stated that it is not uncommon for an inmate to hide contraband in their work area. The report concluded, "Due to the fact you were seen bent over tinkering with the shelf and the

phones were found under the shelf, the greater weight of the evidence does support [the conclusion] you possessed the cell phones." *Id.*

Petitioner was sanctioned with 41 days of disallowed good conduct time and 120 days loss of commissary, phone, and visiting privileges. *Id.* at §VI.

Petitioner appealed to the BOP North Central Regional Office, raising the claims made in the petition. On January 11, 2019, the appeal was denied. ECF No. 1 at PageID.14. Petitioner then appealed to the Central Office, but he claims he did not receive a timely response.

## II.

Federal courts can dismiss a habeas petition that is legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *See Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).

A petition for a writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his sentence is being executed. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). Petitioner's application is properly brought under Section 2241 because he is challenging the execution of his sentence.

A prisoner is afforded the following due process rights in a disciplinary proceeding: (1) written notice of the charges at least twenty-four hours before a disciplinary hearing; (2) a written statement by the fact finders about the evidence relied on and the reasons for the disciplinary action; (3) presentation of witnesses and documentary evidence in defense when doing so will not be unduly hazardous to institutional safety or correctional goals; and (4) the assistance of staff or a competent inmate when the inmate is illiterate or when the issues are complex. *Wolff v.*

*McDonnell*, 418 U.S. 539, 564-566 (1974); *Franklin v. Aycock*, 795 F.2d 1253, 1262-63 (6th Cir. 1986); *Mazzanti v. Bogan*, 866 F. Supp. 1029, 1032 (E.D. Mich. 1994).

The records attached to the petition indicate that Petitioner was afforded all these rights. Petitioner was given ten days notice of the hearing. The hearing report details the evidence relied upon by the hearing officer for the disciplinary action. Petitioner presented the one defense witness he indicated he wished to call when he was notified about the hearing. Finally, Petitioner was represented by a staff member at the hearing.

With respect to Petitioner's claim that the evidence did not show that he was in actual physical possession of the phones, the Sixth Circuit has indicated that "[n]ot much evidence is required to support the action of a prison disciplinary board." *Williams v. Bass*, 63 F.3d 483, 486 (6th Cir. 1995). "'Some evidence' is all that is needed" to support a prison disciplinary board's decision. *Id*. (citing to *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985)); *see also Falkiewicz v. Grayson*, 271 F. Supp. 2d 942, 948 (E.D. Mich. 2003). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56; *see also Lutz v. Hemingway*, 476 F. Supp. 2d 715, 719 (E.D. Mich. 2007). The evidence need not logically preclude any conclusion but the one reached by the hearing officer in the disciplinary proceeding. *Falkiewicz,* 271 F. Supp. 2d at 948. A hearings officer in a prison disciplinary proceeding is not required to find the prisoner guilty beyond reasonable doubt or find that guilt was the only reasonable interpretation of the evidence. *See Mullins v. Smith*, 14 F. Supp. 2d 1009, 1012 (E.D. Mich. 1998).

In the present case, there was some evidence to support the hearing officer's decision to find Petitioner guilty of possession of a hazardous tool. The hearing officer reasonably placed

greater weight on Roberson's written report, Petitioner's changing statements, and the testimony of inmate Berkowitz. Petitioner complains that the hearing officer was not told that Petitioner was outside the library when Roberson searched the shelf, but that inconsequential circumstance is implicit based on the description of the offense made in the incident report and based on the information in the hearing report. Petitioner claims that he was not allowed to call a witness, but he does not indicate who that witness was or how he would have provided testimony helpful to the defense. Finally, Petitioner complains that no fingerprint testing was performed on the phones. However, even assuming that Petitioner's prints were not found on the cell phones or that someone else's prints were found on them, such a finding would not have precluded the conclusion that the cell phones were possessed by Petitioner. Because the DHO's decision is supported by "some evidence" in the record, Petitioner is not entitled to habeas relief. *See Humphreys v. Hemingway*, 77 F. App'x 788, 789 (6th Cir. 2003).

### III.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

It is further **ORDERED** that Petitioner is **DENIED** leave to appeal in forma pauperis.

Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

Dated: August 23, 2019　　　　　　　　　　　　　　s/Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon **Michael Flournoy** #44862-424, MILAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MILAN, MI 48160 by first class U.S. mail on August 23, 2019.

s/Kelly Winslow
KELLY WINSLOW, Case Manager