UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MICHAEL FLOURNOY,

           Petitioner,          Case No. 1:19-cv-12109
                                                  Hon. Thomas L. Ludington

v.

J.A. TERRIS,

           Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT [ECF NO. 5], GRANTING IN PART MOTION TO REDACT AND RESTRICT ACCESS [ECF NO. 6], GRANTING IN PART MOTION REQUESTING DECISION [ECF NO. 7], AND DENYING EMERGENCY MOTION [ECF NO. 9]**

        Michael Flournoy, ("Petitioner"), a prisoner currently housed at the Federal Correctional Institution at Milan, Michigan, sought a writ of habeas corpus pursuant to 28 U.S.C. § 2241. His pro se application challenged a decision from a prison disciplinary hearing conducted by the Bureau of Prisons (BOP). The Court summarily denied the petition because the BOP record attached to the petition indicated that Petitioner had violated prison rules when he was found in possession of two cell phones.

        Petitioner has filed a motion to alter or amend judgment, claiming that the BOP and the Court ignored the *mens rea* requirement for possession and otherwise applied the wrong standard of review. ECF No. 5. He has also filed a motion to redact and restrict access of information and a motion seeking speedier resolution of his claims. ECF Nos. 6, 7. Finally, he has filed two emergency motions for decision, asserting that the COVID-19 outbreak at FCI-Milan entitles him to return home and serve the remainder of his sentence there. ECF Nos. 8, 9.

        All of Petitioner's pending motions will be denied except for his motion to redact, which will be granted in part.

**I.**

Petitioner's motion to alter or amend judgment will be construed as a motion for reconsideration pursuant to Local Rule 7.1 of the Eastern District of Michigan. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999). Rule 7.1(h) requires the movant to demonstrate a palpable defect by which the Court and the parties have been misled and show that a different disposition of the case must result from a correction thereof.

As explained in the Court's previous order, two cell phones were found hidden in the law library near where Petitioner had been sitting. The BOP determined that Petitioner had possessed the phones and accordingly, had violated prison rules. He was sanctioned with 41 days of disallowed good conduct time and 120 days loss of commissary, phone, and visiting privileges. Petitioner presents the same argument in his motion for reconsideration that he presented in his petition. Specifically, that the BOP could not claim that Petitioner had been in possession of the phones unless the BOP had found the phones directly on his person. For the reasons stated in the prior order, no such requirement exists. Petitioner has not demonstrated a palpable defect in the order summarily denying relief. Petitioner's motion to alter or amend judgment [ECF No. 5] will be denied.

In his motion to redact or restrict information, Petitioner explains that he inadvertently listed his home address in Exhibit E of his motion to alter or amend judgment. Petitioner has attached to his motion a redacted version of the motion to alter or amend judgment. Petitioners' motion to redact will be granted in part. Rather than redacting the motion to alter or amend judgment, the motion will be sealed.

Petitioner's "Motion Requesting Decision" will be granted in part. He seeks a favorable decision regarding his motion to alter or amend the Court's previous judgment. As explained

above, the motion to alter or amend the judgment will be denied. Accordingly, his "Motion Requesting Decision" is granted in part and denied in part because the motion to alter or amend the judgment has been decided, but not in his favor.

Finally, combining a meritless attack on a prison disciplinary hearing with the COVID-19 outbreak does not yield a right to serve one's prison sentence at home. See, e.g., *United States v. Roeder*, No. 20-1682, 2020 WL 154572, at *3 n.16 (3d Cir. Apr. 1, 2020) ("[T]he existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner within our Circuit.").

Accordingly, it is **ORDERED** that Petitioner's motion to alter or amend judgment [ECF No. 5] is **DENIED**.

It is further **ORDERED** that Petitioner's motion to redact and restrict access [ECF No. 6] is **GRANTED IN PART**. The Clerk's Office is directed to seal Petitioner's motion to alter or amend judgment [ECF No. 5].

It is further ordered that Petitioner's motion requesting decision [ECF No. 7] is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that Petitioner's emergency motions for consideration [ECF Nos. 8, 9] are **DENIED**.

Dated: May 6, 2020          s/Thomas L. Ludington  
                                                                      THOMAS L. LUDINGTON  
                                                                      United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon **Michael Flournoy** #44862424, MILAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MILAN, MI 48160 r first class U.S. mail on May 6, 2020.

s/Kelly Winslow<br>KELLY WINSLOW, Case Manager